**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION NO.:** |
| | **3:15-CV-1045-N** |
| **TEAM RESOURCES, INC.,** | |
| **FOSSIL ENERGY CORPORATION,** | |
| **KEVIN A. BOYLES,** | |
| **PHILIP A. DRESSNER,** | |
| **MICHAEL EPPY,** | |
| **ANDREW STITT,  AND** | |
| **JOHN OLIVIA,** | |
| **Defendants.** | |

**PARTIAL JUDGMENT OF PERMANENT
INJUNCTION  AS TO DEFENDANT MICHAEL EPPY**

The Securities and Exchange Commission ("SEC") having filed a Complaint and

Defendant Michael Eppy having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact

and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 17(a)(2)-(3) of the Securities Act of

1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)-(3)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(b)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this  Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or

(b)      Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the SEC as to such security, or while the registration

statement is the subject of a refusal order or stop order or (prior to the effective

date of the registration statement) any public proceeding or examination under

Section 8 of the Securities Act [15 U.S.C. § 77h(a), (c)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15

U.S.C. § 78o(a)], by using the mails or any means or instrumentality of interstate commerce,

while acting as a broker or dealer, to effect transactions in or to induce or to attempt to induce the

purchase or sale of securities while not registered with the SEC as a broker or dealer or while not

associated with an entity registered with the SEC as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty, if

any, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of

the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the

disgorgement and civil penalty upon motion of the SEC.  Prejudgment interest shall be

calculated from April 12, 2012, based on the rate of interest used by the Internal Revenue

Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In

connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing

held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the

federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity

of the Consent or this  Judgment; (c) solely for the purposes of such motion, the allegations of

the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may

determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of

sworn deposition or investigative testimony, and documentary evidence, without regard to the

standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil

Procedure.  In connection with the SEC's motion for disgorgement and/or civil penalties, the

parties may take discovery, including discovery from appropriate non-parties.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC's claims that Eppy violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] and Section 17(a)(1) of the Securities Act are dismissed with prejudice.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.


SIGNED October 14, 2016.


DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

6