IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>        Plaintiff,<br><br>vs.<br><br>TEAM RESOURCES, INC.,<br>FOSSIL ENERGY CORPORATION,<br>KEVIN A. BOYLES,<br>PHILIP A. DRESSNER,<br>MICHAEL EPPY,<br>ANDREW STITT,  AND<br>JOHN OLIVIA,<br>        Defendants. | CIVIL ACTION NO.:<br>3:15-CV-1045-N |

**FINAL JUDGMENT AS TO DEFENDANT PHILIP A. DRESNER**

  The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Philip A. Dressner ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; and waived findings of fact and conclusions of law:

**I.**

  Defendant has previously entered into a partial settlement with the SEC—consenting to the entry of a Judgment of Permanent Injunction, which the Court has entered.  Dkt. 22-23. Among other things, that judgment permanently enjoins Defendant from violating certain provisions of the federal securities laws.  That judgment remains in full effect.

**II.**

  The Judgment of Permanent Injunction left one issue for later determination by the Court—what monetary relief should be ordered against Defendant.  This issue was to be determined on motion of the SEC.  However, as memorialized in Defendant's Consent, the SEC

and Defendant have now agreed to a settlement in which Defendant agrees to pay disgorgement of $2,130,337.64, prejudgment interest of $337,380.77, and a civil penalty of $300,000.00.

### III.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,130,337.64, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $337,380.77, and a civil penalty in the amount of $300,000.00 pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)].  Defendant shall satisfy these obligations by paying $2,767,718.41 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Philip A. Dressner as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement, prejudgment interest, and a civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and the Judgment of Permanent Injunction.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SIGNED November 17, 2017.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE