IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| Plaintiff, | | |
| V. | § § § § § | No. 3:15-cv-1045-N |
| TEAM RESOURCES INC., ET AL., | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On July 31, 2018, Defendant John Olivia filed a notice of appeal and motion for leave to proceed *in forma pauperis* ("IFP") on appeal. *See* Dkt. No. 79. United States District Judge David C. Godbey referred the motion to the undersigned United States magistrate judge. *See* Dkt. No. 80. And, on August 2, 2018, the undersigned entered a Notice of Deficiency and Order Regarding Leave to Proceed *In Forma Pauperis* on Appeal, Dkt. No. 81, requiring Olivia to file, no later than September 4, 2018, an affidavit explaining the basis for his appeal.

Because that deadline passed one week ago without Olivia complying with the Court's order, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court deny his motion for leave to proceed IFP on appeal.

**Legal Standards and Analysis**

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern the determination of applications to proceed with an appeal IFP. *See, e.g., Taylor v. Dretke*, No. 4:02-cv-1017-Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003). Section

1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." *Id.* And Rule 24(a) in pertinent part provides:

> (1) Motion in the District Court. Except as stated in Rule 24(a)(3), [concerning, unlike here, a party previously permitted to proceed IFP,] a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> (2) Action on the Motion. If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. CIV. P. 24(a).

"A movant who seeks authorization to proceed IFP on appeal must demonstrate that he is a pauper ***and*** that his appeal involves nonfrivolous issues." *Amir-Sharif v. Dallas Cty. Tex.*, 269 F. App'x 525, 526 (5th Cir. 2008) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); emphasis added); *see also McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015) (per curiam) ("By failing to provide argument that addresses the basis of the district court's dismissal, McGarrah has failed to adequately present any argument for this court's consideration. He has thus failed to establish that he will raise a nonfrivolous issue for appeal."); *accord Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006).

Because Olivia has not demonstrated that his appeal involves nonfrivolous issues by addressing the basis for the Court's judgment against him – even after being

informed of this requirement, *see* Dkt. No. 81 – the Court lacks sufficient information to determine whether leave to proceed IFP on appeal should be granted and should therefore deny Olivia's motion.

## Recommendation

The Court should deny Defendant John Olivia's motion for leave to proceed *in forma pauperis* on appeal [Dkt. No. 79].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 11, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-3-