IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMM., § § Plaintiff, § § § § TEAM RESOURCES, INC., *et al.*, § § Defendants. § § § § § | Civil Action No. 3:15-CV-1045-N |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Securities and Exchange Commission's ("SEC") renewed motion for remedies and judgment [96]. Because the SEC meets its evidentiary burden on the written record before the Court, the Court grants the motion.

### I. PROCEDURAL HISTORY

The SEC brought this enforcement action against Defendants Team Resources, Inc. ("Team Resources"), Fossil Energy Corp. ("Fossil"), Kevin Boyles, Phillip Dressner, Michael Eppy, Andrew Stitt, and John Olivia seeking injunctive and monetary relief. Each defendant partially settled with the SEC on identical terms. Pursuant to the settlements, the Court entered bifurcated judgments of permanent injunction that incorporated the terms of the settlements (the "Bifurcated Judgments"). The Bifurcated Judgments also established a procedure for the Court to determine monetary damages (disgorgement, prejudgment interest, and civil penalty) on a written record without need for an evidentiary hearing. The SEC moved for remedies (and amended its motion), and

ORDER – PAGE 1

the Court granted in part and denied in part the amended motion and entered a Final Judgment. The Defendants appealed the Final Judgment and the Fifth Circuit affirmed. 942 F.3d 272 (5th Cir. 2019). Defendants filed a petition for certiorari with the Supreme Court. While the petition was pending, the Supreme Court decided *Liu v. SEC*, 140 S. Ct. 1936 (2020). The Supreme Court then granted the petition in this case, vacated the Fifth Circuit's decision, and remanded to the Fifth Circuit for further consideration in light of *Liu*. 141 S. Ct. 186 (2020). The Circuit then vacated this Court's judgment and remanded to this Court for further proceedings consistent with *Liu*. 815 F. App'x 801 (5th Cir. 2020) (unpub.). The case is now before the Court on the SEC's renewed motion for remedies and final judgment.

## II. *LIU* AND THE FIFTH CIRCUIT'S REMAND

*Liu* dealt with the scope of equitable relief available to the SEC under 15 U.S.C § 78u(d)(5), which provides: "In any action or proceeding brought or instituted by the Commission under any provision of the securities laws, . . . any Federal court may grant . . . any equitable relief that may be appropriate or necessary for the benefit of investors." Upon review of historic equitable remedies, the Supreme Court discerned two principles:

> First, equity practice long authorized courts to strip wrongdoers of their ill-gotten gains, with scholars and courts using various labels for the remedy. Second, to avoid transforming an equitable remedy into a punitive sanction, courts restricted the remedy to an individual wrongdoer's net profits to be awarded for victims.

ORDER – PAGE 2

*Id.* at 1942. The Court thus held: "By incorporating these longstanding equitable principles into § 78u(d)(5), Congress prohibited the SEC from seeking an equitable remedy in excess of a defendant's net profits from wrongdoing." *Id.* at 1946.

In this case, on remand from the Supreme Court, the Fifth Circuit stated as follows:

> Our previous decision in this appeal, *see SEC v. Team Resources, Inc.*, 942 F.3d 272 (5th Cir. 2019), has been vacated and remanded by the Supreme Court "for further consideration in light of *Liu v. SEC*, 591 U.S. ——, 140 S. Ct. 1936, —— L.Ed.2d —— (2020)." *Team Resources, Inc. v. SEC*, No. 19-978, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2020 WL 3578673, at *1 (U.S. July 2, 2020). As relevant here, *Liu* held "that a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under [15 U.S.C.] § 78u(d)(5)." 140 S. Ct. at 1940. *Liu* also discussed various "principles that may guide the lower courts' assessment" of the amount of disgorgement that may be lawfully awarded in particular cases. *Id.* at 1947; *see also id.* at 1947–50.
>
> In this case, the district court did not have the benefit of *Liu*'s guidance when it determined the amount of disgorgement. Application of *Liu* to the facts of this case should be left in the first instance to the district court's sound judgment.
>
> We therefore VACATE the judgment of the district court and REMAND the case for further proceedings consistent with the Supreme Court's decision in *Liu*.

815 F. App'x 801 (5th Cir. 2020) (unpub.).

### III. THE MANDATE RULE

Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court. *United States v. Bell*, 988 F.2d 247, 251 (1st Cir.1993). Moreover, the rule bars litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court. *See id*. at 250. Accordingly, a lower court on remand "'must implement both the letter and the spirit of the appellate court's mandate and may not disregard

ORDER – PAGE 3

the explicit directives of that court.'" [*United States v. Matthews*, 312 F.3d 652, 657 (5th Cir.2002)] (quoting [*United States v. Becerra*, 155 F.3d 740, 753 (5th Cir.1998)]) (internal alterations and quotation marks omitted).

*United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004).

Here, the command from the Circuit is to conduct further proceedings consistent with *Liu*. The letter of that command would appear to permit this Court to do anything it wants, so long as it does not go against *Liu*. That appears to this Court, however, to grossly go against the spirit of the Circuit's directive. This Court's previous judgment calculating disgorgement was erroneous in light of *Liu*. This Court believes the spirit of the Circuit's mandate is for this Court to recalculate the disgorgement amount in light of *Liu*, and to do nothing else. "The mandate rule requires a district court on remand to effect our mandate and to do nothing else." *Deutsche Bank Nat'l Trust v. Burke*, 902 F.3d 548, 551 (5th Cir. 2018) (per curiam) (quoting *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007)).

### IV. DISGORGEMENT

Defendants once again urge the Court to conduct an evidentiary hearing to determine the proper amount of disgorgement. It is unclear whether this argument is precluded by the mandate rule. In any event, this Court has previously denied Defendants' request for an evidentiary hearing. Order (June 4, 2018) [75]. The reason is simple. In the settlement agreements and the Bifurcated Judgments, the Defendants waived any right to a hearing and expressly agreed for this Court to resolve this issue on the papers. The Court therefore again denies the requests for an evidentiary hearing.

The Court now turns to determination of the proper amounts for disgorgement. The SEC accompanied its motion with documentary evidence. The Defendants primarily devote their responses to arguing for an evidentiary hearing. Although they quarrel with the SEC's calculation, they do not support their criticism with any documentary evidence. Thus, at this point, the only evidence before the Court on the proper amount of disgorgement is from the SEC.

Based on the record before the Court, the Court finds that the SEC's calculation of net profit is correct and will award disgorgement in the amounts requested by the SEC.

## V. CIVIL PENALTY

The SEC urges the Court to refine its calculation of the civil penalty previously awarded. Defendants argue that the Court should not award any civil penalties. Both these positions fall afoul of the mandate rule. Unlike disgorgement after *Liu*, civil penalties are not limited to net profits. *See* 15 U.S.C. §§ 77t(d), 78u(d)(3). Thus *Liu* does not expressly or implicitly affect the calculation of any civil penalty. Since this Court on remand is limited to considering the effect of *Lui* on its prior disgorgement finding, it is outside the scope of the Circuit's mandate for the Court to consider either sides' arguments regarding the civil penalties imposed.[1]

---

[1] If the Court were able to reach the merits of the parties' respective arguments, it would find the SEC's calculation to be correct and it would award civil penalties in the amounts requested by the SEC.

ORDER – PAGE 5

## CONCLUSION

The Court grants the SEC's renewed motion for remedies with respect to disgorgement and awards disgorgement as requested by the SEC. The Court denies the SEC's request to recalculate civil penalties as barred by the mandate rule. The Court will by separate instrument enter final judgment consistent with this Order.

Signed February 15, 2022.

David C. Godbey
United States District Judge